**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4513-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

        v.

L.K.,

     Defendant-Appellant.

_____

Submitted March 25, 2020 – Decided April 15, 2020

Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 11-05-0554 and 11-03-0291.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant L.K.[1] appeals from a February 14, 2018 order denying his first petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant raises the following issue on appeal:

> POINT I: [L.K.] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO INVESTIGATE.

We disagree and affirm.[2]

We incorporate herein the facts and procedural history set forth in State v. L.K., No. A-6001-12 (App. Div. Feb. 5, 2016) (slip op. at 2-5), certif. denied, 225 N.J. 339 (2016), where we affirmed defendant's convictions following a jury trial and subsequent guilty pleas, as well as the imposition of an aggregate sixteen-year sentence, with an eighty-five percent parole ineligibility. Defendant was convicted after trial of various violent crimes against his wife: 1) second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); 2) third-degree

---

[1] We use initials as we did in defendant's direct appeal to protect the identity of the victim of domestic violence. R. 1:38-3(c)(12).

[2] We are disappointed that the State's responsive letter brief prematurely ended the procedural history at defendant's 2013 direct appeal and mentioned a ground for relief not urged by defendant, referencing pages eight to fourteen of defendant's ten-page brief. We expect the State to devote more attention to its submissions.

aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); 3) second-degree attempting to inflict bodily injury on another in the course of a burglary, N.J.S.A. 2C:18-2; 4) third-degree possession of a knife with an unlawful purpose to use it against a person, N.J.S.A. 2C:39-4(d); and 5) fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d). After trial, defendant entered a guilty plea to third-degree terroristic threats, N.J.S.A. 2C:12-3(b), and fourth-degree criminal contempt of a restraining order, N.J.S.A. 2C:29-9(b).

Defendant's sole claim in this appeal is that his trial counsel was ineffective in not thoroughly investigating the facts. Defendant does not state what would have been discovered through further investigation. The PCR judge was also the trial judge. He reviewed the trial evidence before rejecting defendant's claim as speculative and non-specific.

Merely raising a claim for PCR does not entitle a defendant to relief or an evidentiary hearing. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Porter, 216 N.J. 343, 353 (2013) (alteration in original) (quoting Cummings, 321 N.J.

Super. at 170). Trial courts should grant evidentiary hearings only if the defendant has presented a prima facie claim of ineffective assistance of counsel (IAC), material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. Id. at 355; R. 3:22-10(b). A PCR court deciding whether to grant an evidentiary hearing "should view the facts in the light most favorable to a defendant." State v. Preciose, 129 N.J. 451, 463 (1992). However, "[a] court shall not grant an evidentiary hearing" if "the defendant's allegations are too vague, conclusory or speculative." R. 3:22-10(e)(2). Indeed, the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

In turn, "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." Ibid. (alteration in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)). We also typically review a PCR petition with "deference to the trial court's factual findings . . . 'when supported by adequate, substantial and credible evidence.'"

4

State v. Harris, 181 N.J. 391, 415 (2004) (alteration in original) (quoting Toll Bros., Inc., v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).  However, where, as here, "no evidentiary hearing has been held, we 'may exercise de novo review over the factual inferences drawn from the documentary record by the [PCR judge].'"  State v. Reevey, 417 N.J. Super. 134, 146-47 (App. Div. 2010) (alteration in original) (quoting Harris, 181 N.J. at 421).

To establish a prima facie claim of IAC, a defendant must satisfy the two-prong Strickland[3] test, and "bears the burden of proving" both prongs "by a preponderance of the evidence."  State v. Gaitan, 209 N.J. 339, 350 (2012).  A defendant must show that 1) "counsel's performance was deficient" and he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" to the United States Constitution; and 2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 687, 694; see also State v. Fritz, 105 N.J. 42, 52 (1987).  A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

---

[3]  Strickland v. Washington, 466 U.S. 668 (1984).

Under the first Strickland prong, "a defendant must overcome a 'strong presumption' that counsel exercised 'reasonable professional judgment' and 'sound trial strategy' in fulfilling his responsibilities." State v. Hess, 207 N.J. 123, 147 (2011) (quoting Strickland, 466 U.S. at 689-90). Indeed, "counsel is strongly presumed to have rendered adequate assistance," Strickland, 466 U.S. at 690, as measured by a standard of "reasonable competence," Fritz, 105 N.J. at 53. "Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

Under the second Strickland prong, defendant must prove prejudice. Fritz, 105 N.J. at 52. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. This prong "is an exacting standard: '[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached.'" State v. Allegro, 193 N.J. 352, 367 (2008) (alteration in original) (quoting Castagna, 187 N.J. at 315).

Applying these principles, after de novo review, we are satisfied defendant failed to make a prima facie showing of IAC under the Strickland test,

and we discern no abuse of discretion in the judge's denial of defendant's PCR petition without an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION